UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
                               :
DEANNE HOBSON                  :    Civ. No. 3:20CV00812(JCH)
                               :
v.                             :
                               :
KEMPER INDEPENDENCE INS. CO.   :    May 26, 2021
                               :
-------------------------------x
```

**ORDER ON MOTION TO DETERMINE REASONABLENESS
OF EXPERT FEES [Doc. #43]**

This matter was referred to the undersigned for a ruling on the Motion to Determine Reasonableness of Expert Fees [Doc. #43] filed by plaintiff Deanne Hobson ("plaintiff"). Defendant Kemper Independence Insurance Company ("defendant" or "Kemper") filed an objection to plaintiff's motion on May 19, 2021. See Doc. #47. For the reasons set forth herein, plaintiff's Motion [Doc. #43] is **GRANTED, in part**. Defendant's expert witness, Vincent A. Salierno, shall appear for and participate in a deposition. After the deposition is complete, Mr. Salierno may bill plaintiff for his time at a reasonable hourly rate.

I.  **Background**

Plaintiff brings three claims in this action: (1) breach of contract, (2) violation of the Connecticut Unfair Insurance Practices Act, and (3) unjust enrichment. See Doc. #32, Amended Complaint. Plaintiff alleges that she purchased homeowner's insurance from defendant in December 2017. See id. at 1.

Plaintiff's policy insured her residence for various types of damage and loss, with a coverage limit of $542,000.00. See id. at 1-2. On May 15, 2018, plaintiff's residence was "severely damaged by covered perils as defined in the policy, i.e., falling trees and wind and water which entered through openings in the house caused by the direct force of the wind during a 'macroburst' storm[.]" Id. at 2.

Plaintiff contends that "a representative of Kemper and a Construction Contractor paid by Kemper came to the premises to conduct an inspection, take photographs and assess the storm damage." Id. Defendants' representatives estimated the repair costs would be $78,559.79, which, according to plaintiff, "did not address" certain necessary repairs. Id. Plaintiff hired a professional engineer who concluded that the residence required repairs beyond those identified by defendant. See id. at 3. Plaintiff notified defendant of the additional repairs, and "put [defendant] on notice of the work that was in progress" by plaintiff's contractor, but received no response. Id. Plaintiff asserts that necessary repairs to her residence cost $234,484.67, but that defendant has only reimbursed her $66,367.37. See id.

The parties have been engaged in discovery, which is set to close on June 21, 2021. See Docs. #37, #39. Defendant disclosed Mr. Salierno, the principal of Rebuild General Contracting, Inc.

2

("Rebuild"), as an expert witness. See Doc. #43 at 1-2. Plaintiff asserts that defendant retained Rebuild "as a third-party consultant to assess the damage to the Plaintiff's home[.]" Id. at 1. Defendant indicated that Mr. Salierno would serve as an expert witness and would also "answer any questions that may be relevant to Rebuild." See id. at 1-2.

When the parties attempted to schedule Mr. Salierno's deposition, plaintiff was told that "Mr. Salierno would require confirmation before the deposition that [plaintiff's counsel's] office would pay a $3,000 fee regardless of the duration of the deposition." Id. at 2. Plaintiff contends that Mr. Salierno "refus[es] to appear for his deposition absent prepayment" of that fee. Id. at 5. Plaintiff's counsel objected to Mr. Salierno's fee in a letter dated April 15, 2021, and requested further information regarding the basis for the fee. See id. at 2. Defendant "declined to provide additional information and deferred to Mr. Salierno a[s] the proponent of the fee." Id. It does not appear from the briefing before the Court that Mr. Salierno provided any additional information to plaintiff regarding the basis for his fee request.

On May 12, 2021, plaintiff filed the instant motion, asking the Court to find Mr. Salierno's flat fee of $3,000 "excessive and order a reduced rate." Id. at 1. Plaintiff argues that "the Court should approve a rate not to exceed that of the

Plaintiff's professional engineer[,]" or $220 per hour. Id. at 4-5. Defendant responds that the $3,000 flat fee is reasonable because "Mr. Salierno must reserve an entire day for his deposition and thus set aside all other responsibilities related to his business." Doc. #47 at 1-2. No other information is provided regarding the basis for the requested fee. Defendant contends "that the rate charged by plaintiff's expert is completely irrelevant" to whether Mr. Salierno's requested fee is reasonable. See id. at 2.

**II.  Discussion**

Rule 26 provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). Rule 26 also provides: "Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)[.]" Fed. R. Civ. P. 26(b)(4)(E). The purpose underlying this Rule "is to compensate experts for their time spent participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's expert work free from cost." Goldwater v. Postmaster Gen. of U.S., 136 F.R.D. 337, 339 (D. Conn. 1991). "The party seeking reimbursement pursuant to Rule 26(b)(4)[(E)] bears the burden of establishing the reasonableness of the fees sought." Packer v.

4

SN Servicing Corp., 243 F.R.D. 39, 42 (D. Conn. 2007).[1] "If the parties provide little evidence to support their interpretation of a reasonable rate, the court may use its discretion to determine a reasonable fee." Mannarino v. United States, 218 F.R.D. 372, 374 (E.D.N.Y. 2003) (citation and quotation marks omitted).

The Court construes plaintiff's motion as raising three separate but related issues: (1) Mr. Salierno's demand for a flat fee for his deposition, (2) his demand that the fee be paid in advance, and (3) the reasonableness of the fee sought. The Court will address each issue in turn.

"Flat fees are generally discouraged in the Second Circuit, as courts expect some reasonable relationship between the services rendered and the remuneration to which an expert is entitled. By its nature, a flat fee runs counter to this principle." Basilica v. Hawes, No. 3:14CV01806(JAM)(JGM), 2016 WL 6022766, at *3 (D. Conn. Oct. 14, 2016) (citation and quotation marks omitted); see also AP Links, LLC v. Russ, No. 09CV05437(JS)(AKT), 2015 WL 9050298, at *1 (E.D.N.Y. Dec. 15, 2015) ("[F]lat fees for expert appearances are 'disfavored' and are generally considered unreasonable."); Cottrell v. Bunn-O-

---

[1] At the time of the Packer decision, the rule regarding payment of expert fees was codified at Rule 26(b)(4)(C), rather than 26(b)(4)(E).

5

Matic Corp., No. 3:12CV01559(WWE)(HBF), 2014 WL 1584455, at *2 (D. Conn. Apr. 21, 2014) (finding $3,000 flat rate unreasonable). Defendant has offered no meaningful argument in support of an exception to the presumption that a flat fee is unreasonable. Accordingly, the Court finds Mr. Salierno's demand for a flat fee of $3,000 for his deposition unreasonable.

Furthermore, Mr. Salierno's demand for advance payment of the fee is unreasonable. An expert witness "may not insist on advance payment, and may not set a flat fee before he knows what he will be called upon to do[.]" Johnson v. Spirit Airlines, Inc., No. 07CV01874(FB)(JO), 2008 WL 1995117, at *1 (E.D.N.Y. May 6, 2008); see also Conte v. Newsday, Inc., No. 06CV04859(JFB)(ETB), 2011 WL 3511071, at *3 (E.D.N.Y. Aug. 10, 2011) (Rule 26 does not "entitle [an expert witness] to payment in advance."). The Court will direct Mr. Salierno to appear for his deposition, and to bill plaintiff for a reasonable hourly fee after he has completed his testimony. See Johnson, 2008 WL 1995117, at *1 (Rule 26 "teaches that once [the expert] has actually 'spent' time responding to [opposing counsel's] questions at the deposition, he may then bill [the opposing party] for a 'reasonable' fee for that amount of 'time.'").

The Court next turns to the question of a reasonable hourly fee for Mr. Salierno's deposition. In determining a reasonable

fee for an expert witness, a court considers the following factors:

> (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

Goldwater, 136 F.R.D. at 339–40; see also Cottrell, 2014 WL 1584455, at *1. "In addition, courts consider (1) the fee actually being charged to the party who retained the expert; and (2) fees traditionally charged by the expert on related matters." Basilica, 2016 WL 6022766, at *2 (citation and quotation marks omitted).

Mr. Salierno is the president of Rebuild and is, according to plaintiff, a general contractor. See Doc. #47 at 1; Doc. #43 at 4. Neither defendant nor Mr. Salierbo has provided any further information reqarding Mr. Salierno's background, qualifications, education, or training. See Doc. #43 at 2, 4. Mr. Salierno's requested $3,000 fee translates to an hourly rate of approximately $750 per hour for a half-day deposition, which is what plaintiff anticipates will be needed. See Doc. #43 at 4. Plaintiff asserts: "[T]he education and training required to render an opinion regarding the cost to repair damaged property is not extraordinary. The complexity of the task is not

7

extraordinary either." Id. Plaintiff further argues that Mr. Salierno's requested rate is unreasonable compared to that of plaintiff's "expert, a professional engineer, [who] charged an hourly rate of $220.00 for his deposition time." Id. Because, plaintiff argues, her expert's "opinion requires particularized training and licensure[,]" a reasonable rate for Mr. Salierno's testimony, whose qualifications are unknown, "should not exceed that of" plaintiff's expert. Id. at 4-5.

Defendant responds that $3,000 is reasonable for "a deposition which may last seven (7) hours, or possibly even longer if permitted by the Court." See Doc. #47 at 2. If the deposition lasts seven hours, as defendant suggests, Mr. Salierno's requested hourly rate would be approximately $429 per hour. Defendant offers no explanation or basis for why even that rate would be reasonable. See generally Doc. #47. While defendant rejects plaintiff's claim "that the plaintiff's expert witness is 'an individual with a higher degree of specialty, training, and licensure[,]'" id. at 2, it provides absolutely no insight into Mr. Salierno's own qualifications or expertise to support its contention that he should be paid an hourly rate almost double to more than triple that of plaintiff's expert. Id.

As noted, defendant "bears the burden of establishing the reasonableness of the fees sought." Packer, 243 F.R.D. at 42.

8

Defendant has failed to do so. Indeed, in its two-page response, completely devoid of either factual information or case law, defendant has provided no information that would enable the Court to assess the reasonableness of Mr. Salierno's requested fee under the relevant factors. See Goldwater, 136 F.R.D. at 339-40. Judge Joan G. Margolis was confronted with a similar situation some years ago:

> Other than articulating Dr. Sanderson's gratuitous formula for the calculation of a $1,500/hour deposition fee, plaintiff offers no support for the calculation which would assist the Court in determining a reasonable fee, including, the witness's area of expertise, the education and training that is required to provide the expert insight which is sought, the prevailing rates of other comparably respected available experts, the nature, quality and complexity of the discovery responses provided, the cost of living in the particular geographic area, and any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

Sadiku v. Melton Truck Lines, Inc., No. 3:06CV01119(JBA)(JGM), 2007 WL 9753235, at *3 (D. Conn. Nov. 28, 2007).

In Sadiku, Judge Margolis simply set the hourly rate for the disputed expert at the same rate charged by the opposing expert. See id. The Court here is tempted to do the same, and set Mr. Salierno's fee at $220 per hour, solely because that is the rate charged by plaintiff's expert. But the Court frankly has no basis on which to determine the reasonableness of that rate, either. The Court therefore adopts instead the approach

taken by Judge Boyle of the Eastern District of New York, when faced with this dilemma.

> [T]he parties seeking court intervention to determine a reasonable fee for an expert deposition should do so retrospectively — that is, after the deposition has taken place. The rule clearly contemplates that a court order will be issued subsequent to the deposition, as it requires a court to order payment of a "reasonable fee for time spent in responding to discovery." Fed. R. Civ. Proc. 26(b)(4)(E). For this reason, the pertinent rule thus teaches that once the expert has actually spent time responding to questions at the deposition, he may then bill for a reasonable fee for that amount of time. Additionally, in determining the reasonableness of any fees demanded, the court should take into account, among other factors, the nature, quality and complexity of the discovery responses provided. It is speculative to make such a determination prospectively. Furthermore, the cases place the burden of demonstrating the reasonableness of any reimbursement sought on the party who hires the expert. This, too, indicates that any order regarding fees should be deferred until after expert depositions have taken place.
>
> Even without this guidance from the text of the rule and the cases interpreting it, the Court is unable to determine a reasonable fee based on the information provided by the parties. No attempt has been made to justify the experts' apparent hourly rate of $350.00. Nor, as noted above, can the Court determine in advance how much time will reasonably be expended in preparation for, traveling to, or attending the depositions.

Conte v. Newsday, Inc., No. 06CV04859(JFB)(ETB), 2011 WL 3511071, at *2–3 (E.D.N.Y. Aug. 10, 2011) (citations and quotation marks omitted).

Absent any information about Mr. Salierno's qualifications or the other factors to be considered, the Court is unable to determine a reasonable fee. If the parties are unable to agree,

after the deposition is conducted, on a reasonable fee for Mr. Salierno's time, a motion to set that fee may be filed for the Court's consideration.

### III. Conclusion

For the reasons set forth herein, the Court **GRANTS, in part**, plaintiff's Motion to Determine Reasonableness of Expert Fees [Doc. #43]. The Court finds that Mr. Salierno's demand for advance payment is unreasonable, and that his requested flat fee of $3,000 is likewise unreasonable. Mr. Salierno shall appear for and participate in a deposition to be noticed by plaintiff. After the conclusion of the deposition, Mr. Salierno may present a bill for his time, calculated at a reasonable hourly rate. If plaintiff does not believe the fee demanded is reasonable, plaintiff may renew its motion for the Court to set a reasonable fee. If such a motion is filed, the Court will require defendant to provide information sufficient to meet its burden of establishing the reasonableness of the fee sought.

SO ORDERED at New Haven, Connecticut, this 26th day of May, 2021.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE