**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------x
                              :
DEANNE HOBSON                 :     Civ. No. 3:20CV00812(SALM)
                              :
v.                            :
                              :
KEMPER INDEPENDENCE           :     August 30, 2022
INSURANCE COMPANY             :
                              :
------------------------------x
```

**ORDER ON RENEWED MOTION TO DETERMINE**
**REASONABLENESS OF EXPERT FEES [Doc. #97]**

Plaintiff Deanne Hobson has filed a renewed Motion to Determine Reasonableness of Expert Fees. See Doc. #97. Defendant Kemper Independence Insurance Company ("defendant" or "Kemper") has filed an objection to plaintiff's motion. See Doc. #98. For the reasons set forth herein, plaintiff's renewed Motion to Determine Reasonableness of Expert Fees [**Doc. #97**] is **GRANTED, in part.**

I.   **Background**

Plaintiff brings claims in this action for: (1) breach of contract, (2) violation of the Connecticut Unfair Trade Practices Act, and (3) unjust enrichment. See Doc. #32. Plaintiff alleges that she purchased homeowner's insurance from defendant in December 2017. See id. at 1. Plaintiff's policy insured her residence for various types of damage and loss, with a coverage limit of $542,000. See id. at 1-2. On May 15, 2018,

1

plaintiff's residence was "severely damaged by covered perils as defined in the policy, i.e., falling trees and wind and water which entered through openings in the house caused by the direct force of the wind during a 'macroburst' storm[.]" Id. at 2.

Plaintiff contends that "a representative of Kemper and a Construction Contractor paid by Kemper came to the premises to conduct an inspection, take photographs and assess the storm damage." Id. Defendants' representatives estimated the repair costs would be $78,559.79, which, according to plaintiff, "did not address" certain necessary repairs. Id. Plaintiff hired a professional engineer, who concluded that the residence required repairs beyond those identified by defendant. See id. at 3. Plaintiff notified defendant of the additional repairs, and "put [defendant] on notice of the work that was in progress" by plaintiff's contractor, but received no response. Id. Plaintiff asserts that necessary repairs to her residence cost $234,484.67, but that defendant has only reimbursed her $66,367.37. See id.

While discovery in this matter was ongoing, defendant disclosed Mr. Salierno, the principal of Rebuild General Contracting, Inc. ("Rebuild"), as an expert witness. See Doc. #97-4 at 1. Defendant's expert disclosure stated that Salierno would testify regarding "an inspection of the plaintiff's house ... and his ensuing repair estimate." Id. As to the summary of

2

facts and opinions, the expert witness disclosure states: "Based on his professional training, expertise, education and qualifications, Mr. Salierno will testify in accordance with the facts and opinions contained in his repair estimate dated July 31, 2018, a copy of which has been previously provided to the plaintiff herein[.]" Id.

When the parties attempted to schedule Salierno's deposition, plaintiff was told that "Mr. Salierno would require confirmation before the deposition that [plaintiff's counsel's] office would pay a $3,000 fee regardless of the duration of the deposition." Doc. #43 at 2. Thereafter, on May 12, 2021, plaintiff filed a Motion to Determine Reasonableness of Expert Fees, asking the Court to find Salierno's flat fee of $3,000 "excessive and order a reduced rate." Id. at 1.

On May 26, 2021, the Court entered an Order granting plaintiff's Motion, in part. See Doc. #48. The Court's Order stated: "Defendant's expert witness, Vincent A. Salierno, shall appear for and participate in a deposition. After the deposition is complete, Mr. Salierno may bill plaintiff for his time at a reasonable hourly rate." Id. at 1.

Salierno's deposition took place on July 14, 2021. See Doc. #97 at 3.

This matter was transferred to the undersigned on October 13, 2021. See Doc. #71.

3

On June 8, 2022, Salierno left a voice mail message with the chambers of the undersigned. On June 10, 2022, the Court entered the following order addressing Salierno's message:

> On June 8, 2022, a voice mail message was left with the chambers of the undersigned by Vincent A. Salierno, who was disclosed as an expert witness for defendant in this matter. Mr. Salierno inquired about payment for his appearance at a deposition. The Court addressed the issue of the payment of Mr. Salierno's fees for appearance at the deposition in a prior Order. See Doc. #48. If any party seeks relief related to the payment of fees to Mr. Salierno, an appropriate motion may be filed on the docket. It is so ordered.

Doc. #95.

Plaintiff filed the instant Renewal of Motion to Determine Reasonableness of Expert Fees on June 17, 2022. See Doc. #97.

## II.   Discussion

Plaintiff argues that: (1) "Mr. Salierno ... should only be entitled to the fees for lay witnesses[;]" and (2) "even if the Court deems him to be an expert witness, his fees are still unreasonable." Doc. #97 at 5. For the reasons set forth herein, the Court finds that Salierno may bill for his time as an expert witness, but that his requested rate is unreasonable.

### A.   Classification as an Expert

Plaintiff argues that "Pursuant to USCS FRCP 26, in order for a witness to be an expert witness, they must submit a report that includes the witness's qualifications. Mr. Salierno's qualifications have not been disclosed." Doc. #97 at 5 (sic).

4

Plaintiff therefore contends: "Mr. Salierno should be deemed a lay witness. Witnesses who are not experts are entitled to compensation of $40 per day for the deposition." Id. The Court disagrees.

An expert is required to provide a written report only if he is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

The Court finds that Salierno was not required to provide a written report under Rule 26(a)(2)(B). Salierno was not retained specifically to provide expert testimony. To the contrary, plaintiff has previously conceded, and does not dispute here, that Salierno was hired to "assess the damage to the Plaintiff's home after initial estimates by the parties varied widely." Doc. #43 at 1. Furthermore, plaintiff does not argue, and the record before the Court would not support, a finding that Salierno's "duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Salierno therefore is not an expert "Witness[] Who Must Provide a Written Report[]" within the meaning of Rule 26. Fed. R. Civ. P. 26(a)(2)(B); see also Jones v. Goodrich Corp., No. 3:12CV01297(WWE), 2017 WL 11590987, at *2 (D. Conn. Dec. 11, 2017) ("[The Expert's] involvement in the accident investigation was within his job

responsibilities with GPECS as a product support engineer. ...
Accordingly, ... [the expert] does not need to provide an expert
report."). Because Salierno was not required to provide a
written report containing his qualifications, plaintiff's
request to classify him as a lay witness for failing to disclose
such information is unfounded.

Salierno is instead classified as an expert under Rule
26(a)(2)(C). See Ring's End Inc. v. Black & Decker (U.S.), Inc.,
No. 3:16CV00375(VLB), 2017 WL 3698491, at *2 (D. Conn. Aug. 25,
2017) ("Because [the expert] is an employee investigator whose
duties do not appear regularly to involve giving expert
testimony, the Plaintiffs were required to disclose" the
information required under Fed. R. Civ. P. 26(a)(2)(C).). An
expert that is disclosed under Rule 26(a)(2)(C) must provide:
"(i) the subject matter on which the witness is expected to
present evidence under Federal Rule of Evidence 702, 703, or
705; and (ii) a summary of the facts and opinions to which the
witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

The record reflects that Salierno provided that
information. See Doc. #97-4. Accordingly, the Court finds that
defendant has properly disclosed Salierno as an expert witness.
Plaintiff's "request[] that the Court deem Mr. Salierno to be a
lay witness" is therefore denied. Doc. #97 at 5.

**B.    Reasonableness of Fees**

Rule 26 provides that "[a] party may depose any person who
has been identified as an expert whose opinions may be presented
at trial." Fed. R. Civ. P. 26(b)(4)(A). "Unless manifest
injustice would result, the court must require that the party
seeking discovery: (i) pay the expert a reasonable fee for time
spent in responding to discovery under Rule 26(b)(4)(A) or
(D)[.]" Fed. R. Civ. P. 26(b)(4)(E). The purpose underlying this
Rule "is to compensate experts for their time spent
participating in litigation and to prevent one party from
unfairly obtaining the benefit of the opposing party's expert
work free from cost." Goldwater v. Postmaster Gen. of U.S., 136
F.R.D. 337, 339 (D. Conn. 1991). "The party seeking
reimbursement pursuant to Rule 26(b)(4)[(E)] bears the burden of
establishing the reasonableness of the fees sought." Packer v.
SN Servicing Corp., 243 F.R.D. 39, 42 (D. Conn. 2007).[1] "If the
parties provide little evidence to support their interpretation
of a reasonable rate, the court may use its discretion to
determine a reasonable fee." Mannarino v. United States, 218
F.R.D. 372, 374 (E.D.N.Y. 2003) (citation and quotation marks
omitted).

---

[1] At the time of the Packer decision, the rule regarding payment
of expert fees was codified at Rule 26(b)(4)(C), rather than
26(b)(4)(E).

Plaintiff asks this Court to find that: (1) Salierno's requested hourly rate is unreasonable; and (2) plaintiff is not required to compensate Salierno for certain time that Salierno charged in preparation for, and travel to, the deposition. See Doc. #97.

   1.   Hourly Rate

In determining a reasonable fee for an expert witness, a court considers the following factors:

> (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

Goldwater, 136 F.R.D. at 340; see also Cottrell v. Bunn-O-Matic Corp., No. 3:12CV01559(WWE), 2014 WL 1584455, at *1 (D. Conn. Apr. 21, 2014). "In addition, courts consider (1) the fee actually being charged to the party who retained the expert; and (2) fees traditionally charged by the expert on related matters." Basilica v. Hawes, No. 3:14CV01806(JAM), 2016 WL 6022766, at *2 (D. Conn. Oct. 14, 2016) (citation and quotation marks omitted).

Defendant contends that "all of the factors to be considered by the Court reflect that Mr. Salierno's $300 per hour fee is entirely reasonable in this case." Doc. #98 at 5.

Plaintiff disagrees, arguing that "[a]t most, [Salierno] should be entitled to $220 an hour, but that would still be unreasonable[.]" Doc. #97 at 7. The Court finds that Salierno is entitled to be reimbursed at a rate of $220.00 per hour.

The first relevant factor for determining the reasonableness of an expert's hourly rate is the "witness's area of expertise[.]" Goldwater, 136 F.R.D. at 340. Plaintiff argues that "there is nothing in Mr. Salierno's deposition that indicates he has a particularized area of expertise." Doc. #97 at 6. Defendant counters that Salierno made "clear that he is an expert concerning the topics at issue in this case and that were discussed during his deposition." Doc. #98 at 3. However, Salierno's deposition testimony does not support defendant's assertion that he has particular expertise in this field. Rather, the deposition transcript excerpt provided by defendant simply reflects that Salierno testified that he had "been disclosed as an expert witness to testify regarding the inspection of the plaintiff's house[.]" Doc. #98-1 at 3. No evidence has been provided regarding his qualifications for that role, or the area of his alleged expertise. Defendant has thus failed to "come forward with ... evidence as to [the expert's] area of expertise[.]" Carafino v. Forester, No. 03CV06258(PKL)(DF), 2005 WL 1020892, at *1 (S.D.N.Y. Apr. 29,

2005). This factor therefore weighs against a finding that
Salierno's hourly rate is reasonable.

The second factor is the "education and training that is
required to provide the expert insight which is sought[.]"
Goldwater, 136 F.R.D. at 340. Plaintiff argues that this factor
weighs in favor of reducing Salierno's hourly rate because: (1)
Salierno has only a high school education; (2) has not received
training in 20 years; and (3) has less education and training
than plaintiff's witness. See Doc. #97 at 6. Defendant responds
that "Mr. Salierno has the requisite training and two decades of
experience with using the Xactimate system at issue in this
case." Doc. #98 at 3. While Salierno may have experience in this
field, the formalized training and education necessary "to
provide the necessary expert insight appear to be very
limited[.]" Matteo v. Kohl's Dep't Stores, Inc., No.
09CV07830(RJS), 2012 WL 5177491, at *6 (S.D.N.Y. Oct. 19, 2012),
aff'd, 533 F. App'x 1 (2d Cir. 2013). This factor thus weighs
against a finding that Salierno's hourly rate is reasonable.

The third factor is the "prevailing rates of other
comparably respected available experts[.]" Goldwater, 136 F.R.D.
at 340. Plaintiff argues that this factor weighs in favor of
reducing Salierno's hourly rate because plaintiff's expert
charged a rate of $220 per hour. See Doc. #97 at 6-7. In
response, defendant contends that "Plaintiff acknowledges that

10

'the average deposition fee for contractors in Connecticut is

$289' and that Mr. Salierno's rate is a mere $11.00 more per

hour than average." Doc. #98 at 4.

> When relying on the rates of other experts to determine
> reasonableness, ... it [is] particularly important to
> ensure that the other experts compared were, in fact,
> "comparably respected," "available," and subject to
> comparable "costs of living" (the fifth factor) when the
> expert seeking compensation provided his services
> because differences on these points can cause
> significant fluctuation in the rates that might have
> been charged by the compared experts, and can dilute
> their utility as the benchmark of reasonableness against
> which to measure the fee actually sought.

Lee v. AIG Cas. Co., No. 3:08CV01897(DJS), 2011 WL 13235046, at *3

(D. Conn. June 13, 2011).

Defendant fails to analyze most of these elements.

Defendant does not offer any basis for an assertion that

Salierno is "comparably respected" to the average contractor in

Connecticut. Defendant asserts that "the Court may take judicial

notice that the cost of living in Fairfield County, Connecticut

(where Plaintiff resides and where the deposition took place) is

approximately 15% higher than the rest of Connecticut." Doc. #98

at 4. Defendant fails, however, to explain the cost of living

where Salierno works or resides. "In the absence of any

declaration or affidavit from [Salierno] or applicable case law

from [defendant]," the Court is unable to determine whether

Salierno's requested rate is higher than the prevailing rate for

other comparably respected available experts. Sadiku v. Melton

11

Truck Lines, Inc., No. 3:06CV01119(JBA)(JGM), 2007 WL 9753235,

at *3 (D. Conn. Nov. 28, 2007). This factor thus weighs against

a finding that Salierno's hourly rate is reasonable.

The fourth factor is "the nature, quality, and complexity

of the discovery responses provided[.]" Goldwater, 136 F.R.D. at

340. Defendant argues that "the Xactimate system is at issue.

... Mr. Salierno has the requisite expertise with that

software." Doc. #98 at 4. However, this argument does not

"explain what questions were put to [Salierno] or the nature,

quality or complexity of [Salierno's] responses." Reit v. Post

Properties, Inc., No. 09CV05455(RMB)(KNF), 2010 WL 4537044, at

*5 (S.D.N.Y. Nov. 4, 2010). Absent such an explanation, this

factor weighs against a finding that Salierno's hourly rate is

reasonable.[2]

The final factors that the Court considers when determining

a reasonable hourly rate for an expert are "the fee actually

being charged to the party who retained the expert" and "fees

traditionally charged by the expert on related matters."

Basilica, 2016 WL 6022766, at *2 (citation and quotation marks

omitted). Plaintiff does not address these factors. Defendant

argues: "The sixth and seventh factors go hand-in-hand and also

---

[2] The Court has addressed the fifth factor, cost of living, when
analyzing "prevailing rates of other comparably respected
available experts[.]" Goldwater, 136 F.R.D. at 340. Accordingly,
the Court does not separately address this factor.

support the reasonableness of Mr. Salierno's fee: whether he

charges Kemper and other clients the same fee he is charging in

connection with his deposition. The answer is yes." Doc. #98 at

5. This factor thus weighs in favor of finding that Salierno's

hourly rate was reasonable. See Feliciano v. Cnty. Of Suffolk,

246 F.R.D. 134, 137 (E.D.N.Y. 2007) (considering "fees

traditionally charged by the expert on related matters[]").

Taken together, the Court finds that these factors do not

support a finding that a rate of $300 per hour is reasonable.

Rather, in light of defendant's failure to provide "any

declaration or affidavit from [Salierno] or applicable case law"

establishing the reasonableness of Salierno's requested fee, the

"the Court finds that a reasonable fee is the rate which

[plaintiff is] paying to [her] expert[,]" that is, $220 per

hour. Sadiku, 2007 WL 9753235, at *3.

    2.   Hours Spent

Plaintiff next challenges the reasonableness of the time

Salierno spent preparing for, and traveling to, the deposition.

Specifically, plaintiff argues that: (1) "'[c]ommunications w/

Kemper Counsel' and 'Deposition Prep' Should Not be

Compensated[,]" Doc. #97 at 7; (2) "'Replication of File' Should

not be Compensated[,]" id. at 8; and (3) "Travel Time Should be

Half of Regular Fees[.]" Id. at 9.

a.   *Deposition Preparation and Communications*
     *with Counsel*

Plaintiff first argues that "'Communications w/ Kemper

Counsel' and 'Deposition Prep' Should Not be Compensated[.]" Id.

at 7. Salierno seeks reimbursement for two hours of time spent

communicating with defense counsel, and forty-five minutes of

time preparing for the deposition. See Doc. #97-5 at 1.

The Court finds that Salierno is entitled to compensation

for his deposition preparation. "[A] party should be compensated

... for the reasonable time spent by an expert in preparation

for his deposition[.]" Packer, 243 F.R.D. at 43. The time

Salierno spent in "Deposition Prep" -- forty-five minutes on the

day before the deposition -- is plainly reasonable. Thus,

Salierno is entitled to compensation for this time at a rate of

$220 per hour.

However, the Court finds that Salierno is not entitled to

compensation for the time he has billed for communicating with

defense counsel. Salierno seeks compensation for a total of two

hours of time spent communicating with defense counsel from

January 2021 through July 2021. See Doc. #97-5 at 1. Defendant

provides no insight as to the content of these communications.

Indeed, while some of Salierno's time entries have been

categorized under "Deposition[,]" his communications with

defense counsel are categorized as "F/R[.]" Id. at 1. The Court

14

finds that, on this record, defendant has not met its "burden to

show that [these] line item[s] in [the expert's] invoice [are]

reasonable[.]" <u>Mendez-Caton v. Caribbean Fam. Health Ctr.</u>, 340

F.R.D. 60, 70 (E.D.N.Y. 2022). In light of defendant's failure

to meet its burden, the Court finds that Salierno is not

entitled to compensation from plaintiff for the two hours billed

under code "F/R" for communication with counsel.

> b.   *Replication of File*

Plaintiff next challenges Salierno's charge for four hours

of time spent on "Replication of File[.]" Doc. #97 at 8; <u>see</u>

<u>also</u> Doc. #97-5 at 1. Defendant counters that "Mr. Salierno

devoted four hours of time to reviewing approximately four

hundred pages of documents. ... Plaintiff cites to no legal

authority establishing that devoting four hours to reviewing

four hundred pages of material is unreasonable." Doc. #98 at 6.

The charge set forth in the invoice, however, is not for

<u>reviewing</u> those documents, but for <u>replicating</u> the file. Indeed,

Salierno has not categorized this time under the code

"Deposition[,]" but rather, has billed it under the code

"Administration[.]" Doc. #97-5 at 1. Notably, the other entry

using the "Administration" code is a charge of $0.20 per page

for actual copying costs, which appears immediately after the

entry for replication, <u>see</u> <u>id.</u>, further supporting the plain

reading of the language of this entry as reflecting copying of

the file, rather than review of it. Defendant has not cited to

"any case law for the proposition that ... 'preparation time'

includes copying fees or administrative fees associated with the

time an expert's employees spend collecting documents sought in

connection with the expert's deposition." Reit v. Post

Properties, Inc., No. 09CV05455(RMB)(KNF), 2010 WL 4537044, at

*8 (S.D.N.Y. Nov. 4, 2010). The Court thus finds that Salierno

is not entitled to compensation for the time billed for

"Replication of file[.]" Doc. #97-5 at 1.[3]

c.   *Travel Time*

Finally, plaintiff argues that Salierno has charged an

unreasonable amount for travel time. See Doc. #97 at 9. Salierno

seeks payment in the amount of $250 per hour for 1.5 hours of

time spent traveling to and from the deposition. See Doc. #97-5

at 1. Plaintiff argues that this request is unreasonable because

(1) an expert should be compensated at half of his normal rate

for travel; and (2) a Google Maps search shows the travel time

between the deposition's location and Salierno's office "is

closer to half an hour." Doc. #97 at 9.

---

[3] The Court also finds that defendant has not articulated an
adequate basis for Salierno to bill plaintiff for the charges
described as "400 pages of print or copy[,]" Doc. #97-5 at 1,
and "Office Administrative Services, file management, coping &
correspondence." Id. at 2 (sic).

As defendant concedes, "[t]he general rule, which this court follows, is that compensation for travel time should be half the regular hourly amount charged." Mannarino, 218 F.R.D. at 377. The Court thus finds that Salierno is entitled to $110 per hour for the time spent traveling to and from the deposition.

Plaintiff further asserts that the amount of time Salierno spent traveling to and from the deposition was unreasonable because "Mr. Salierno's invoice states that he incurred one and a half hours of travel time. ... [A] google maps search shows that the distance between Plaintiff's counsel's office in Danbury, Connecticut and Mr. Salierno's office located in Bedford, New York is closer to half an hour." Doc. #97 at 9 (citation omitted). However, the hour and a half that Salierno billed accounts for travel to and from the deposition. The Court finds that the amount of time Salierno spent traveling is not unreasonable merely because it is fifteen minutes longer in each direction than plaintiff believes is usual. Accordingly, Salierno is entitled to reimbursement for 1.5 hours of travel time at a rate of $110 per hour.

## III. Conclusion

Thus, for the reasons stated, the Court **GRANTS**, **in part**, plaintiff's renewed Motion to Determine Reasonableness of Expert Fees [**Doc. #97**]. The Court finds that Salierno is entitled to

$220 per hour for time spent preparing for, and participating in, the deposition, and $110 per hour for his time spent traveling to and from the deposition. The Court further finds that Salierno is not entitled to <u>any</u> compensation for his time spent on administrative tasks or communicating with defense counsel, as billed here.[4]

As a result, the Court finds that Salierno is entitled to a fee of **$1,460.24.** Specifically, the Court finds that Salierno is entitled to charge for .75 hours of deposition preparation at a rate of $220 per hour, for a total of $165. He is entitled to charge for three hours of time at the deposition, at a rate for $220 per hour, for a total of $660. He is entitled to charge for the two hours spent preparing an errata sheet following the deposition, at a rate of $220 per hour, for a total of $440. As to his travel, Salierno may charge for 1.5 hours of travel, at a rate of $110 per hour, for a total of $165, as well as $30.24 as a mileage charge for his travel.

Plaintiff shall tender payment to Salierno on or before **September 20, 2022,** and shall file a Notice on the docket on or before **September 27, 2022,** certifying that she timely made payment in this amount.

---

[4] The Court does not include the 2% monthly late fee charged by Salierno in this calculation, <u>see</u> Doc. #97-5 at 2, because Salierno has not set forth any basis to charge such a fee.

18

19

It is so ordered at Bridgeport, Connecticut, this 30th day

of August, 2022.

                                        /s/
                                   _____
                                   HON. SARAH A. L. MERRIAM
                                   UNITED STATES DISTRICT JUDGE