UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------x
                             :
DEANNE HOBSON                :   Civ. No. 3:20CV00812(SALM)
                             :
v.                           :
                             :
KEMPER INDEPENDENCE          :   September 2, 2022
INSURANCE COMPANY            :
                             :
-----------------------------x
```

ORDER ON MOTION FOR SUMMARY JUDGMENT [DOC. #82]

Defendant Kemper Independence Insurance Company ("defendant" or "Kemper") has filed a motion pursuant to Federal Rule of Civil Procedure 56(a) seeking the entry of summary judgment on each count of the Amended Complaint. See Doc. #82. Plaintiff Deanne Hobson ("Hobson" or "plaintiff") has filed a memorandum in opposition to the motion, see Doc. #94, to which defendant has filed a reply. See Doc. #96.  For the reasons set forth herein, defendant's Motion for Summary Judgment [**Doc. #82**] is **DENIED**.

I.  **Procedural Background**

Plaintiff filed this action in Connecticut Superior Court on May 26, 2020, asserting claims for breach of contract, violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), and unjust enrichment, based upon defendant's alleged failure to honor its obligations under a homeowner's insurance

policy. See generally Doc. #1. Defendant removed this action to federal court on June 11, 2020. See id.

Defendant filed a Motion to Dismiss the original Complaint on August 5, 2020. See Doc. #14. In response, plaintiff filed a Motion to Amend the complaint on September 21, 2020. See Doc. #22. The Court granted plaintiff's Motion to Amend on October 9, 2020, see Doc. #24, and plaintiff filed her Amended Complaint on February 16, 2021. See Doc. #32. Plaintiff's Amended Complaint is brought in three Counts. Count One asserts a claim for "Breach of Contract[.]" Id. at 1. Count Two asserts a claim for violation of CUTPA. See id. at 7. Finally, Count Three asserts a claim for "Unjust Enrichment[.]" Id.

Defendant moved to dismiss Count Two and Count Three of plaintiff's Amended Complaint on February 16, 2021. See Doc. #34. The Court denied defendant's motion on March 1, 2021, holding:

> Defendant's Motion to Dismiss (Doc. No. 27) is denied. The plaintiff in this case has alleged sufficient facts to plausibly allege "an unfair insurance practice occurred with enough frequency for it to be deemed a 'general business practice.'" Kim v. State Farm Fire and Casualty Co., 2015 WL 6675532, *5 (citations omitted), and thus has alleged an unfair or deceptive practice under Connecticut Uniform Trade Practices Act ("CUTPA"). This case is not on "all fours" with the Van Dorsten v. Provident Life and Acc. Ins. Co., decision, in which the CUIPA sole allegation was based on information and belief, and was conclusory. 554 F. Supp. 2d. 285, 288 (D. Conn. 2008). Here, plaintiff has alleged, inter alia, the use of an unlicensed "consultant" who has in the plaintiff's claim, and in regard to other insureds

of defendant, created unfounded "low ball" estimates.
The Motion to Dismiss Count 2 is denied.

The Motion to Dismiss Count 3 is also denied. A party
may plead alternative remedies/claims. Stein v. Horton,
99 Conn. App. 477, 485 (2007).

Doc. #35 at 1 (footnote omitted).

This matter was transferred to the undersigned on October
13, 2021. See Doc. #71. Defendant filed the instant Motion for
Summary Judgment on March 25, 2022. See Doc. #82.

## II. **Factual Background**

The following facts are derived from the parties' submissions
pursuant to Local Rule 56(a) and the affidavits, declarations, and
exhibits attached thereto. The Court recites only those facts which
are undisputed by the parties.

Plaintiff purchased a "homeowner's insurance policy with
Kemper for [plaintiff's place of residence]; Policy Number RB
871937 (the 'Policy')." Doc. #84 at 1; Doc. #94-1 at 1. The
parties do not dispute that plaintiff was entitled to coverage
under the Policy for damage to her residence resulting from a
microburst storm that occurred on May 15, 2018. See Doc. #84 at
1; Doc. #94-1 at 1.

Pursuant to the terms of the Policy, plaintiff was entitled
to recover for her losses as follows:

3. Loss Settlement. Covered property losses are settled
as follows:

3

a. We will pay actual cash value for a covered loss to the following personal property. This means there may be a deduction for depreciation for property:

    1) Which by its inherent nature cannot be replaced.

    2) Not maintained in good or workable condition.

    3) Which at time of loss is either obsolete or useless to you.

    However, our payment will not exceed the lesser of the:

    1) Amount necessary to repair or replace the damaged or lost property; or

    2) Blanket Property Limit or any special limit applying to the property.

b. We will pay the cost of repair or replacement for a covered loss to other property. This means there will be no deduction for depreciation.

    1) For personal property, our payment for loss will not exceed the least of the:

        a) Blanket Property Limit applying to the property;

        b) Special limit applying to the property;

        c) Actual cost incurred to repair, restore or replace at time of loss; or

        d) Replacement value at time of loss.

    2) For other property, our payment for loss will not exceed the least of the:

        a) Blanket Property Limit applying to the property;

4

b) Replacement cost of that part of the property damaged for equivalent construction and use on the same premises; or

c) Amount actually and necessarily spent to repair or replace the damaged property.

c. The value of the property insured is not agreed upon but shall be determined at the time of loss.

d. We will pay no more than the actual cash value of the damage unless:

1) Actual repair or replacement is complete; or

2) The cost to repair or replace the damage for the entire loss is less than:

a) $1,000 under b.1) above; or

b) $2,500 under b.2) above.

e. You may make a claim for loss on an actual cash value basis. You may then make claim for any additional liability on a replacement cost basis within 180 days after the toss.

Doc. #84-3 at 24-25.

"On May 16, 2018, Plaintiff filed a claim concerning damages to the premises as a result of the windstorm." Doc. #84 at 2; Doc. #94-1 at 2. "On May 21, 2018, Craig Blossom, a licensed Property Insurance Adjuster in Connecticut assigned to adjudicate the Claim, inspected the Premises." Doc. #84 at 2; Doc. #94-1 at 2. After conducting an inspection of the premises,

"[o]n May 30, 2018 Mr. Blossom issued a check to Plaintiff in the amount of $33,931.23." Doc. #84 at 2-3; Doc. #94-1 at 2.

On June 5, 2018, plaintiff's contractor, Jack of All Trades, "and Conlon Engineering ('Plaintiff's Engineer') visited the Premises." Doc. #84 at 3; Doc. #94-1 at 3.

Plaintiff submitted a letter to defendant on June 20, 2018. See Doc. #84-9 at 2. In her letter, plaintiff stated:

> As I reported to you previously, I engaged Conlon Engineering LLC, a structural engineering firm, to assess the damage to my home. Their report is enclosed in this document together with an estimate based on that report from my contractor, Jack Collins, from A Jack of All Trades. It is my belief that these documents represent a fair request for reimbursements from your company.

Doc. #84-9 at 12. The document attached to plaintiff's letter estimated the total cost of repairs to be $163,734.00. See Doc. #84 at 4; Doc. #94-1 at 4.

Thereafter, defendant engaged the services "of an independent construction consultant," to evaluate the damage to plaintiff's home. Doc. #84 at 4; Doc. #94-1 at 4. This consultant, Rebuild General Contracting Inc., estimated the cost for the necessary repairs to be $72,000. See Doc. #94-1 at 7.

"On August 1, 2018, [Kemper's representative] did a final appraisal of the Claim in the form of a 'Statement of Loss,' wherein he concluded that the ACV of the claim amounted to $64,680.88." Doc. #84 at 5; Doc. #94-1 at 5.

Plaintiff ultimately "paid for cost of demolition, materials, and contractors from the funds received from Kemper Insurance, her credit card and Home Equity Line of Credit, for a total of $234,484.67." Doc. #94-1 at 9. Plaintiff now contends that "[a]ssessing the record in the light most favorable to Ms. Hobson, although Defendant only reimbursed her for $66,367.37, she is entitled to $234,484.67 -- the amount necessary to repair or replace the damages or lost property." Doc. #94 at 5 (sic).

### III. __Legal Standard__

> The standards governing summary judgment are well-settled. Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)[.]

Marvel Characters, Inc. v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002). Summary judgment is proper if, after discovery, the nonmoving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists." Marvel Characters, Inc., 310 F.3d at 286. "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can

point to an absence of evidence to support an essential element of the nonmoving party's claim." Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).

In deciding a motion for summary judgment, the Court "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Beyer v. Cnty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (citation and quotation marks omitted). "If there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." Am. Home Assur. Co. v. Hapag Lloyd Container Linie, GmbH, 446 F.3d 313, 315 (2d Cir. 2006) (citation and quotation marks omitted).

## IV.  **Discussion**

Defendant moves for summary judgment as to each claim set forth in the Amended Complaint. See Doc. #82. Count One asserts a claim for "Breach of Contract[.]" Id. at 1. Count Two asserts a claim for violation of CUTPA. See id. at 7. Count Three asserts a claim for "Unjust Enrichment[.]" Id.

### A.  **Breach of Contract**

Under Connecticut law, "[t]he elements of a breach of contract claim are the formation of an agreement, performance by one party, breach of the agreement by the other party, and

damages." <u>Meyers v. Livingston, Adler, Pulda, Meiklejohn and
Kelly, P.C.</u>, 87 A.3d 534, 540 (Conn. 2014).

Defendant moves for summary judgment as to this claim,
arguing: (1) "Plaintiff Ignores the Plain Terms and Conditions
of Coverage[,]" Doc. #83 at 19; and (2) "Plaintiff's Allegations
are Demonstrably Untrue[.]" <u>Id.</u> at 20.[1] Both arguments fail.

       1.   <u>The Policy Language</u>

Defendant first argues that it is entitled to summary
judgment as to this claim because "Plaintiff Ignores the Plain
Terms and Conditions of Coverage[.]" <u>Id.</u> at 19. Specifically,
defendant asserts:

> [C]ontrary to Plaintiff's allegations, the Policy makes
> clear that the <u>most</u> she could ever receive for her Claim
> is the lesser of the estimated replacement cost or the
> amount actually and necessarily spent to repair or
> replace the damaged property. <u>See</u> <u>Kemper's Local R.
> 56(a)1 Statement</u>, **Exhibit 2,** "Loss Settlement". By
> arguing she is entitled to $234,484.67 (which is more
> than the $66,367.37 estimate), Plaintiff is willfully

---

[1] Defendant also asserts, for the first time in reply, that it is
entitled to summary judgment because plaintiff failed "to timely
notify Kemper that the work needed to be done so it could
revisit the premises prior to commencement of the additional
repairs." Doc. #96 at 2. "There is no apparent reason Defendant
could not have made this argument in its Motion and thus it [is]
deemed waived because it was raised for the first time in
Defendant's Reply Brief." <u>Cadoret v. Sikorsky Aircraft Corp.</u>,
323 F. Supp. 3d 319, 327 n.7 (D. Conn. 2018); <u>see</u> <u>also</u> <u>Knipe v.
Skinner</u>, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be
made for the first time in a reply brief."); <u>Corpes v. Walsh
Constr. Co.</u>, 130 F. Supp. 3d 638, 644 (D. Conn. 2015) ("Because
raising new arguments for the first time in a reply brief is
improper, the Court will not consider these issues[.]"
(citations omitted)).

ignoring the plain language of the Policy. Simply put, it is legally and factually unsound to contend that she should receive the greater of the two figures. This reality alone entitles Kemper to judgment as a matter of law as to Plaintiff's breach of contract claim.

Doc. #83 at 20.

This argument fails, for the simple reason that it is not supported by the Policy's language. The Policy provides different payment limitations for different types of property. Specifically, the "Loss Settlement" provision of the Policy states:

> a. We will pay actual cash value for a covered loss to the following personal property. This means there may be a deduction for depreciation for property:
>
>> 1) Which by its inherent nature cannot be replaced.
>>
>> 2) Not maintained in good or workable condition.
>>
>> 3) Which at time of loss is either obsolete or useless to you.
>>
>> However, our payment will not exceed the lesser of the:
>>
>> 1) Amount necessary to repair or replace the damaged or lost property; or
>>
>> 2) Blanket Property Limit or any special limit applying to the property.
>
> b. We will pay the cost of repair or replacement for a covered loss to other property. This means there will be no deduction for depreciation.
>
>> 1) For personal property, our payment for loss will not exceed the least of the:

> > a) Blanket Property Limit applying to the property;
> >
> > b) Special limit applying to the property;
> >
> > c) Actual cost incurred to repair, restore or replace at time of loss; or
> >
> > d) Replacement value at time of loss.
> >
> > 2) For other property, our payment for loss will not exceed the least of the:
> >
> > > a) Blanket Property Limit applying to the property;
> > >
> > > b) Replacement cost of that part of the property damaged for equivalent construction and use on the same premises; or
> > >
> > > c) Amount actually and necessarily spent to repair or replace the damaged property.

Doc. #84-3 at 24-25.

Neither party has articulated the <u>type</u> of property for which plaintiff seeks to recover. However, <u>none</u> of these provisions provides support for defendant's assertion that plaintiff's recovery under the Policy is limited to the <u>estimated</u> replacement (or repair) cost of her property.

Moreover, even if the Court were to accept defendant's interpretation of the Policy, defendant <u>still</u> would not be entitled to summary judgment because the parties dispute the "estimated replacement cost." Doc. #83 at 20. Defendant has

produced its employee's repair cost estimate of $64,850.88, see
Doc. #84-15, and a third-party estimate of $72,000. See Doc.
#94-1 at 7. Plaintiff disputes the accuracy of these estimates,
however, and has produced a June 2018 cost estimate of
$163,734.00. See Doc. #84-10 at 4. In light of this dispute,
defendant has failed to establish the "estimated replacement
cost" as a matter of law. Doc. #83 at 20; see Ensign Yachts,
Inc. v. Arrigoni, No. 3:09CV00209(VLB), 2011 WL 3351969, at *9
(D. Conn. Aug. 3, 2011) ("Accordingly, there is a genuine
factual dispute for trial regarding the [valuation] of the
[property]."). Summary judgment is not warranted on this basis.

2.   Plaintiff's Allegations

Defendant next asserts that summary judgment is warranted
as to this claim because "Plaintiff's Allegations are
Demonstrably Untrue[.]" Doc. #83 at 20. Defendant does not
address why its dispute of the allegations in the Amended
Complaint does not, by definition, preclude the entry of summary
judgment as to this claim. Nor does it explain why the supposed
falsities show that defendant complied fully with its
obligations under the Policy. Instead, defendant simply lists
alleged inaccuracies in plaintiff's Amended Complaint, before
concluding that "Plaintiff's factual contentions are works of
fiction." Id. at 23. Defendant asserts, for example, that "[i]t
is ... untrue that Mr. Salierno's report failed to address the

12

sunroom or the porch." Id. at 21. It further contends that it is
"patently untrue" that plaintiff's engineer concluded in June of
2018 that "the existing sonotube foundation for back porch be
removed and replaced with frost depth footing per code to comply
with current building code." Id. (citation and quotation marks
omitted). However, absent some showing that these (or the other
purported inaccuracies defendant lists) establish that defendant
complied with its obligations under the Policy, Kemper has
failed to establish that it is entitled to summary judgment on
plaintiff's breach of contract claim based on these purported
inaccuracies. See Marvel Characters, Inc., 310 F.3d at 286 ("The
party seeking summary judgment has the burden to demonstrate
that no genuine issue of material fact exists."). Accordingly,
the Court finds that summary judgment is not warranted as to
plaintiff's breach of contract claim.

   **B.   CUTPA**

   Count Two of the Amended Complaint asserts that defendant's
"violation of the Connecticut Unfair Insurance Practices Act, is
violative of the Connecticut Unfair Trade Practices Act[.]" Doc.
#32 at 7. Defendant moves for summary judgment as to this claim,
arguing: (1) "[i]f the Court grants Kemper's motion for summary
judgment with respect to the breach of contract claim, it is
also entitled to summary judgment on the CUIPA claim[,]" Doc.
#83 at 23; (2) "Plaintiff has not Pled a Violation of CUIPA[,]"

id. at 24; and (3) "The Required General Business Practice Does
Not Exist[.]" Id. at 25. Each argument fails.

Defendant first asserts that it is entitled to summary
judgment as to this claim because "[i]f the Court grants
Kemper's motion for summary judgment with respect to the breach
of contract claim, it is also entitled to summary judgment on
the CUIPA claim." Id. at 23. The Court has already determined,
however, that defendant is not entitled to summary judgment on
plaintiff's breach of contract claim. Summary judgment is not
warranted on this basis.

The remaining arguments advanced by defendant as to this
claim are barred by the law of the case doctrine. Defendant
previously moved to dismiss this claim on the grounds that
"Plaintiff has failed to allege that Kemper has engaged unfair
insurance practices that violate CUIPA," Doc. #28 at 7, and that
"Plaintiff does not allege or recite in the Amended Complaint
any other facts as to similar claims or cases involving Kemper."
Id. The Court expressly rejected such arguments when addressing
defendant's Motion to Dismiss, holding:

> The plaintiff in this case has alleged sufficient facts
> to plausibly allege "an unfair insurance practice
> occurred with enough frequency for it to be deemed a
> 'general business practice.'" Kim v. State Farm Fire and
> Casualty Co., 2015 WL 6675532, *5 (citations omitted),
> and thus has alleged an unfair or deceptive practice
> under Connecticut Uniform Trade Practices Act ("CUTPA").
> This case is not on "all fours" with the Van Dorsten v.
> Provident Life and Acc. Ins. Co., decision, in which the

14

> CUIPA sole allegation was based on information and belief, and was conclusory. 554 F. Supp. 2d. 285, 288 (D. Conn. 2008). Here, plaintiff has alleged, inter alia, the use of an unlicensed "consultant" who has in the plaintiff's claim, and in regard to other insureds of defendant, created unfounded "low ball" estimates. The Motion to Dismiss Count 2 is denied.

Doc. #35 at 1.

Defendant simply repeats these arguments at the summary judgment stage, contending both that "Plaintiff has failed to allege that Kemper engaged in unfair insurance practices that violate CUIPA[,]" Doc. #83 at 25, and that "Plaintiff does not allege facts as to similar claims or cases involving Kemper." Id. The Court is not persuaded by defendant's attempts to recycle arguments that were previously rejected. The Court's ruling denying defendant's Motion to Dismiss remains the law of the case, and the Court sees no reason it should be revisited. See Aetna Life Ins. Co. v. Guerrera, No. 3:17CV00621(KAD), 2020 WL 4505570, at *3 (D. Conn. Aug. 5, 2020) (declining to revisit issues decided on Motion to Dismiss when considering Motion for Summary Judgment); Bank of Am. v. Pastorelli-Cuseo, No. 3:17CV01666(SRU), 2017 WL 4678184, at *2 (D. Conn. Oct. 17, 2017) ("The [law of the case] doctrine 'applies to issues that have been decided either expressly or by necessary implication[.]'" (quoting DeWeerth v. Baldinger, 38 F.3d 1266, 1271 (2d Cir. 1994))); Johnson v. Holder, 564 F.3d 95, 99 (2d Cir. 2009) ("The law of the case doctrine commands that when a

court has ruled on an issue, that decision should generally be
adhered to by that court in subsequent stages in the same case
unless cogent and compelling reasons militate otherwise."
(citation and quotation marks omitted)). The Court thus finds
that summary judgment is not warranted as to this claim.

### C.   Unjust Enrichment

Defendant asserts that it is entitled to summary judgment
on this claim "[b]ecause Plaintiff has a remedy available under
the breach of contract claim[.]" Doc. #83 at 28.

To be sure, "[a]n enforceable contract precludes recovery
under a theory of unjust enrichment." ALV Events Int'l v.
Johnson, 821 F. Supp. 2d 489, 494 (D. Conn. 2010) (citing
Polverari v. Peatt, 614 A.2d 484, 489 (Conn. App. 1992)). The
parties do not dispute that the Policy is an enforceable
contract. However,

> [p]arties routinely plead alternative counts alleging
> breach of contract and unjust enrichment, although in
> doing so they are entitled only to a single measure of
> damages arising out of these alternative claims. ...
> Under this typical belt and suspenders approach, the
> equitable claim is brought as an alternative count to
> ensure that the plaintiff receives some recovery in the
> event that the contract claim fails.

Stein v. Horton, 914 A.2d 606, 613-14 (Conn. App. 2007)
(citations and quotation marks omitted). As other courts have
observed, "the existence of a contract, in itself, does not
preclude equitable relief which is not inconsistent with the

16

contract." <u>Fuller v. Fuller</u>, 987 A.2d 1040, 1048-49 (Conn. App. 2010) (citation, quotation marks, and emphasis omitted). It is "[t]he lack of a remedy under a contract [that] is a precondition to recovery based on unjust enrichment or quantum meruit." <u>United Coastal Indus. v. Clearheart Constr. Co., Inc.</u>, 802 A.2d 901, 906 (Conn. App. 2002). Plaintiff is thus permitted to plead her claims in the alternative, and the Court therefore finds that summary judgment is not warranted as to this claim. <u>See</u> <u>Empower Health LLC v. Providence Health Sols. LLC</u>, No. 3:10CV01163(JCH), 2012 WL 13027107, at *14 (D. Conn. Sept. 24, 2012) (denying Motion for Summary Judgment as to unjust enrichment claim where plaintiff pled unjust enrichment and breach of contract claims in the alternative).

## V. <u>Conclusion</u>

Thus, for the reasons stated, defendant's Motion for Summary Judgment [**Doc. #82**] is **DENIED**.

It is so ordered at Bridgeport, Connecticut, this 2nd day of September, 2022.

<pre>
                              /s/
                         _____
                         HON. SARAH A. L. MERRIAM
                         UNITED STATES DISTRICT JUDGE
</pre>